IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Greenville Memorial Hospital, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 6:05-858-HMH |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolina Care Plan, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court for review of Carolina Care Plan, Inc.'s ("CCP") decision to deny payment for certain medical expenses incurred by Scott D. Kral ("Kral") while a patient at Greenville Memorial Hospital ("GMH") under a plan ("Plan") governed by ERISA.[1] Kral assigned his rights to GMH. (Joint Stipulation ("J.S.") Ex. 1 at 12 (Assignment of Benefits).) As such, GMH seeks the payment of Kral's benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). The parties filed the J.S. and memoranda in support of judgment pursuant to the court's Specialized Case Management Order for ERISA benefits cases. The parties stipulate that the court may dispose of this matter consistent with the submitted J.S. and memoranda. (J.S. ¶ 8.)

    The parties disagree as to (1) whether GMH is "a proper party under ERISA by virtue of the assignment of benefits, or otherwise;"[2] (2) whether Kral or GMH "exhausted the

---

[1] Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

[2] CCP reserved the right to contest whether GMH has standing to pursue a claim for benefits on behalf of Mr. Kral under an assignment of rights. (Def.'s J.S. ¶ 1.) However,

1

applicable Plan Remedies;" (3) whether CCP abused its discretion in denying either Kral's or GMH's claim for benefits, and (4) whether the Plan's claims procedures regarding prior approval were reasonable. (J.S. ¶ 7.) For the reasons below, the court remands this case to the Plan administrator for a full and fair review of GMH's claim for benefits.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 24, 2002, Mr. Kral arrived at the GMH emergency room with hallucinations and agitation due to alcohol withdrawal. (J.S. Ex. 1 at 28 (Hospital Note).) When Mr. Kral was admitted to the hospital, GMH was unaware that he had health insurance. (Id. Ex. 1 at 2-3 (Letter from GMH to CCP of 8/26/2003).)

Notably, on November 5, 2002, CCP received a facsimile from the South Carolina Dental Association Insurance Services Unit submitting a change form signed by Mrs. Elizabeth Kral ("Mrs. Kral") on August 19, 2002, adding Mr. Kral to her insurance. (Id. Ex. 1 at 22 (Change Form).) Mr. Kral was discharged from GMH on November 13, 2002. On this date, a representative of GMH telephoned CCP, and CCP informed GMH that Mr. Kral was covered under the Plan effective October 5, 2002. (Id. Ex. 1 at 28 (GMH Call Note).)

Mr. Kral incurred $98,605.15 in medical expenses during his hospital stay. (Compl. 6.) GMH submitted a claim for benefits for Mr. Kral's medical expenses. On November 15, 2002, CCP informed GMH that it was denying the claim because GMH did not notify CCP of Mr. Kral's admission, and further, that under CCP's agreement with GMH, GMH could not bill Mr. Kral for the charges. (Id. Ex. 1 at 1 (Letter from CCP to GMH of 11/15/03).) On

---

CCP does not address this argument in its memorandum in support of judgment. Therefore, the court will not address this argument.

August 26, 2003, GMH appealed CCP's decision. (Id. Ex. 1 at 2 (Letter from GMH to CCP of 8/26/03).) On September 4, 2003, CCP notified GMH that Mr. Kral was liable for the charges because he had failed to promptly present his identification card upon admission to GMH. (Id. Ex. 1 at 5-6 (Letter from CCP to GMH of 9/4/03).) Mr. Kral was copied on the letter. (Id. Ex. 1 at 5-6 (Letter from CCP to GMH of 9/4/03).) CCP allegedly sent Mr. Kral an explanation of benefits form on September 8, 2003 ("September 8 EOB"), stating that his claim was not covered under the Plan because he had not promptly presented his identification card to GMH. (Def.'s Mem. Supp. J. Ex. C (September 8 EOB).) Further, the September 8 EOB stated that Mr. Kral had 180 days from receipt of the September 8 EOB to appeal CCP's decision.[3] (Id. Ex. C. (September 8 EOB).)

In a letter dated April 29, 2004, GMH's counsel requested a copy of the Plan documents. (J.S. Ex. 1 at 7-8 (Letter from GMH's counsel to CCP of 4/29/04).) On May 12, 2004, CCP responded that an adverse determination had not been made against GMH and that Mr. Kral had failed to appeal CCP's decision within 180 days' notice of the adverse decision, which CCP indicated was September 4, 2003. (Id. Ex. 1 at 9 (Letter from CCP to GMH's counsel of 5/12/04).) Therefore, CCP found that Mr. Kral had voluntarily chosen to forego any appeal rights under the Plan. (Id. Ex. 1 at 9 (Letter from CCP to GMH's counsel of 5/12/04).) CCP further stated that Mr. Kral was responsible for the charges because (1) he may have been ineligible for coverage on the dates of service, and (2) Mr. Kral may have had pre-existing condition, and therefore, the Plan would not cover his hospitalization because he

---

[3] The September 8 EOB is not part of the administrative record.

3

did not provide a certificate of prior creditable coverage. (Id. Ex. 1 at 9 (Letter from CCP to GMH's counsel of 5/12/04).)

GMH obtained an assignment of benefits from Mr. Kral, and on June 16, 2004, wrote CCP appealing the adverse benefit determination and again requesting a copy of the Plan documents. (Id. Ex. 1 at 10-11 (Letter from GMH's counsel to CCP of 6/16/04).) CCP provided a copy of the summary plan description on July 27, 2004, and again stated that the "member and/or authorized representative did not initiate the grievance process within 180 days. Therefore, the member has voluntarily chosen to forego his right to the grievance process." (J.S. Ex. 1 at 14 (Letter from CCP to GMH's counsel of 7/27/04).) CCP further stated that Mr. Kral's claim should be denied because

> (1) Mr. Kral failed to timely provide notification as required by the Plan Documents; (2) Mr. Kral's wife told GMH that he had no insurance and was, in fact, enrolled late as a dependent on her insurance during the time of Mr. Kral's stay at GMH; (3) Mr. Kral was not eligible to receive benefits for the dates of service because the enrollment form appeared to be altered; and, (4) Mr. Kral had provided no Certificate of Prior Creditable Coverage, and therefore, he was ineligible for benefits because he was a Late Enrollee and the claim at issue was for a preexisting condition.

(Def.'s Mem. Supp. J. at 5.) By letter dated August 5, 2004, GMH requested a full and fair review of the claim. (J.S. Ex. 1 at 15-17 (Letter from GMH's counsel to CCP of 8/5/04).) CCP never responded to the August 5, 2004, letter. This litigation ensued.

## II. DISCUSSION OF THE LAW

As an initial matter, CCP argues that the court should dismiss this case with prejudice because GMH's appeal of CCP's decision to deny the claim for medical benefits was untimely. "An ERISA welfare benefit plan participant must both pursue and exhaust plan

remedies before gaining access to the federal courts." Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005). However, an ERISA welfare benefit plan must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2) (West 1999). "A written notice of denial must be comprehensible and provide the claimant with the information necessary to perfect [the] claim, including the time limits applicable to administrative review. A notice that fails to substantially comply with these requirements does not trigger a time bar contained within the plan." Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 107 (2d Cir. 2003) (internal citation omitted).

The September 8 EOB that was allegedly sent to Mr. Kral is the only document in this case which identifies a time limitation for filing an appeal.[4] However, the September 8 EOB is not part of the administrative record as stipulated to by the parties. The court cannot consider evidence that is not part of the administrative record. Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994). As such, because this letter is not part of the administrative record, it cannot be used as evidence that GMH's appeal was untimely.

Accordingly, the court reviews the administrative record to determine whether GMH received a full and fair review of the claim for benefits. The Plan contains no language

---

[4]Notably, CCP alleges that the 180-day time for pursuing an appeal began on September 4, 2003, although the September 8 EOB states that the claimant had 180 days from receipt of the EOB. As such, CCP's own documents give inconsistent deadlines for pursuing an internal appeal. Further, the September 8 EOB and the September 4, 2003, letter provide different addresses for Mr. Kral. Therefore, it is unclear whether Mr. Kral ever received these two documents.

setting forth a deadline for appealing a denial of benefits. (J.S. Ex. 2 at 45-46 (Plan, Section 6).) The Plan notes that a claimant

> cannot bring legal action against us unless you first complete all the steps in the complaint process defined in (Section 6: Questions, Complaints, Appeals). After completing this process, if you want to bring a legal action against us you must do so within three years of the date we notified you of our final decision on your complaint or you lose any rights to bring such an action against us.

(Id. Ex. 2 at 66 (Plan).) The complaint process defined in section 6 of the Plan does not contain a time limitation. In addition, the September 4, 2003, letter to GMH states no time limitation for pursuing an internal appeal. (Id. Ex. 1 at 5-6 (Letter from CCP to GMH of 9/4/03).) The September 4, 2003, letter states in pertinent part that

> if you are not satisfied with this decision and you have additional, new and/or compelling information that may have been unavailable or unknown, you have the right to the next level of grievance. Please refer to the Network Provider Guide, Section 3F-6. You may initiate this next level of grievance by writing to our Compliance and Grievance Department at the below address.

(Id. Ex. 1 at 5-6 (Letter from CCP to GMH of 9/4/03).)

In Burke, the claimant's internal appeal had been rejected for failure to file a timely petition for review. 336 F.3d at 107. However, the denial notice did not inform the claimant of the time limitation for appealing the denial of benefits. Id. at 108. Instead, the denial notice referenced the section of the employee benefits handbook stating that claimants "should" file their appeals within 90 days. Id. The Second Circuit held that the mere reference to the handbook was insufficient to notify the claimant of the time limitation, and that the notice of appeal rights should have been contained in the denial notice or the materials accompanying the notice. Id. In addition, the court noted that the use of the word "should" did not adequately inform the claimant of her appeal rights or the consequences of failure to

6

meet the filing deadline. Id. The court concluded that the ERISA claimant had been "denied the opportunity for the full and fair review contemplated by 29 U.S.C. § 1133 and the [Department of Labor] regulations." Id. at 109.

Similar to the claimant in Burke, neither Mr. Kral nor GMH were adequately informed of any time limitation for pursuing an internal appeal. In the case at bar, the Plan does not provide a time limitation for appealing an adverse decision. Further, the September 4, 2003, letter to GMH does not state a time limitation for pursuing an appeal of the adverse benefit determination. In fact, the 180-day time period for pursuing an appeal is mentioned for the first time by CCP in letters dated May 12, 2004, and July 27, 2004, wherein CCP stated that Mr. Kral had waived his appeal rights because he failed to initiate the grievance process within 180 days from September 4, 2003. Based on the foregoing, the court finds that CCP did not fully and fairly review the claim for benefits. Therefore, the court remands this case to the Plan administrator to consider the merits of GMH's appeal. See Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 n.4 (4th Cir. 1985) (noting that when an ERISA plan fails to comply with 29 U.S.C. § 1133, the court should "remand to the plan trustee for a full and fair review") (internal quotation marks omitted).

Therefore, it is

**ORDERED** that this case is remanded to the Plan administrator for a full and fair review.

**IT IS SO ORDERED**.

                                                  s/ Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
January 6, 2006